United States District Court
Eastern District of New York

———————————————————————

Clinton I. Pittman, Jr., and Clinton I. Pittman, III,
individually, and by his next friend, Clinton I. Pittman,
Jr.,
                                                                     Amended
v.                                                                   Complaint

City of New York, former Mayor of the City of New York        14 cv 4140 (ARR) (RLM)

Michael Bloomberg, and former New York City Police
Commissioner Ray Kelly, individually, New York City Police
Department Information Technology officers " Leo" "Doe" and
"Jane""Poe", both of whose true first and last names are
presently unknown to Plaintiffs, sued in their individual capacities,
as Information Technology officers with the New York City Police
Department, New York City Precinct commanders of the 103rd and
48tth Precincts, respectively, Deputy Inspector John Cappelmann,
and Deputy Inspector Deputy Inspector Thomas J. Connolly, in their
individual capacities, "Captains John and Jane Doe I-VIII, " their
precise number and gender being presently unknown to Plaintiffs,
Lts."Sam and Sarah Coe I-VII", their precise number and gender being
presently unknown to Plaintiffs," Sgts.  Barry and Betty Boe I-VII",
their precise number and gender being presently unknown to Plaintiffs,
in their Individual Capacities, Radio Motor Patrol Officers "John" and "Jane" "Poe"
 of the New York  City Police Department I-VIII, their exact number and gender being
presently unknown to Plaintiffs, individually and County of Nassau,
and Nassau County Law Enforcement Officers "Ned" and "Nora" "Noe", their true
identities and gender  Being Presently  Unknown to Plaintiffs, individually,

                                                 defendants

———————————————————————————————————————

                                        Jurisdiction

1.      This civil rights action is brought pursuant to 42. U.S.C. § 1983 and 1988.  The

        Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(3) .  This Court

        also has ancillary jurisdiction to hear claims brought by Plaintiff Clinton Pittman, III

based on New York law.

## Venue

2.     Venue is properly laid in the Eastern District of New York, where Plaintiffs reside, where, upon information and belief, virtually all the documents recording the incidents sued on are in the custody of the police precincts, and in which the Nassau County Defendants are resident.

## Parties

3.     Plaintiffs Clinton Pittman, Jr. and Cliand services to the adanton Pittman, III, are citizens of the United States and residents of New Yorker.

4.     Defendants New York City and Nassau County are local government bodies established under the laws of the State of New York.

5.     Former Mayor Michael Bloomberg and former police commissioner Ray Kelly were respectively the chief executive of the City of New York and the commissioner of police of New York City.  Between them, they made or delegated  all the policy decisions concerning Policing and were thus directly involved in bringing about the foreseeable consequences of the policies they created for the delivery of police services.

6.     Defendant "Nassau County" is the governing body of the County adjacent to New York City on the border of Queens County.

7.     New York City Police Department information technology officers "Leo Doe" and "Jane Poe" both of whose true identities are not known by Plaintiff, are the NYC

Police Department employees whose posts are involved in the design of the information technology which distributes information through the networks of the New York City Police Department, They are named defendants as individuals based on their reckless or deliberately indifferent failure to create fail-safes in the programs which distribute to law enforcement agencies in New York City concerning automotive thefts any measure which would prevent stolen and returned cars from being recorded as returned. Said systemic failure is the direct cause of the failure of the precinct to which Plaintiff Clinton Pittman, Jr. was directed to retrieve his car after it was stolen being alert to the need to rescind the "stolen vehicle" bulletin which was distributed city-wide.

8.      Deputy Inspector John Cappelmann is and was at the time of the events complained of the commander of the 103 Police Precinct, of the New York City Police Department, ("NYPD").

9.      Deputy Inspector Thomas J. Connolly is and was at the time of the events complained of the commander of the 48th Police Precinct, of the "NYPD".

10.     Captains "John" and "Jane" "Doe" I-VIII, their precise number and gender being presently unknown to Plaintiffs, were at the time of the incidents complained of officers of the 103rd and 48th Police Precincts who inadequately supervised and failed to investigate and discipline the violation of civil rights of officers in their commands, directly contributing to the incidents which violated Plaintiff's civil rights.

11.     Lieutenants "Sam" and "Sarah" "Coe" I-VII are and were at the time of the incidents complained of line supervisors of the NYPD Sergeants and Police Officers at the 103rd and 48th Precincts of the NYPD, whose failure to adequately investigate the

civil rights violations in their precincts of which the incidents complained of are emblematic.direclty contributed to the violation of Plaintiffs' civil rights, which they knew or should have known would occur, if not to Plaintiffs, then to others similarly situated to Plaintiffs.  Their precise number and gender are at present not known to Plaintiffs.

12.    Sergeants "Barry" and "Betty" "Boe" I-VII, their precise number and gender being presently unknown to Plaintiffs, were first line supervisors at the 103rd and 48th Precincts whose tolerance of police abuses of citizens human rights directly contributed to the violations of Plaintiffs' rights complained of herein.

13.    Radio Motor Patrol Officers "John" and "Jane" "Poe" of the NYPD I-VIII , and "Ned" and "Nora" "Noe" of the Nassau County Police Department were physically present at the incident complained of which violated Plaintiffs' rights, and either actively participated in said violations, or silently observed and failed to either intervene or report the violation of Plaintiffs' civil rights.

FACTS

14.    On or about September 26, 2011, Plaintiff Clinton Pittman Jr. reported his 1999 Honda Civic License Plate Number FRW 3228 stolen to the New York Police Department (NYPD) 103rd precinct.  The Officers at the 103rd Precinct reported Plaintiff's vehicle on the NYPD electronic stolen vehicle records.

15.    On or about September  September 27, 2011 the NYPD 48th Precinct contacted Clinton Pittman, ,Jr. to inform him that his vehicle had been recovered and that he could obtain the vehicle at his earliest opportunity.  On September 29, 2011 Plaintiff went to the 48th Precinct and recovered the vehicle.

16.     Besides granting Plaintiff permission to take his vehicle, the officers at the 48th
        Precinct did not provide any further instructions to Plaintiff.  The officers did not
        inform Plaintiff that the Precinct was removing Plaintiff's vehicle from the NYPD
        electronic stolen vehicle records.

17.     On December 16, 2011, at approximately 11:30pm while driving on Van Wyck
        Service Road Queens New York, Plaintiff Clinton Pittman, Jr. noticed that an unmarked
        police vehicle was following him.

18.     Minutes later, the unmarked vehicle accelerated and swerved in front of Plaintiff's
        vehicle, cutting Plaintiff off at the traffic intersection located on Linden Blvd and the
        Van Wyck Service Road in the Queens. Seconds later, two additional Nassau
        County marked vehicles arrived on the scene and pulled up on the left and right side
        of Plaintiff's vehicle and one additional officer in a marked vehicle pulled up at
        Plaintiff's rear.

19.     All of the officers exited their vehicles with their guns drawn and pointed at Plaintiff
        Clinton Pittman, Jr. and Plaintiff's 11-year-old son, Clinton Pittman III, who was
        sitting in the back right seat of Plaintiff's vehicle.  The officers proceeded to yell
        expletives and commands at Plaintiff Clinton Pttman, Jr., as well as telling him  not
        to move and to keep his hands on his steering wheel.

20.     In addition to pointing guns at Plaintiff Clinton Pittman, III's face from outside the
        back right window of Plaintiff's vehicle, one of the four officers removed Plaintiff
        Clinton Pitman, III from Plaintiff's vehicle and placed him in the marked police
        vehicle for a lengthy period of time.

21.     While Plaintiff Clinton Pittman, III sat in the marked police vehicle, the officers

continued to point their guns at Plaintiff Clinton Pittman, Jr. demanded that he exit his vehicle, stand beside it, and harassingly interrogated Plaintiff about his ownership and control of the vehicle.

22.   Plaintiff dutifully complied with the officer's order.   Realizing the Officers interrogation was related to the fact that Plaintiff's vehicle was stolen three months prior to the incident, Plaintiff voluntarily supplied his license and registration to the officers, and informed the officers that the he is the true owner of his vehicle.

23.   After having their guns drawn and pointed at Plaintiffs for nearly 30 minutes, and after having subjected Plaintiff to harassing interrogation, the officers finally and allegedly "verified" that the subject vehicle was registered in Plaintiff's name; that Plaintiff's possession and operation of the vehicle was lawful; and that the vehicle stop was due to the fact that Plaintiff's vehicle was listed on the officers' electronic stolen vehicle records.  After an extensive period of time of interrogation, the officers eventually let Plaintiffs leave the scene in Plaintiff's vehicle.

24.   Plaintiffs have suffered and continue to suffer substantial mental and emotional harm and injury from the above-described incident.

25.   Plaintiff Clinton Pittman, Jr. has incurred loss of work, and both he and his son have attended psychiatric counseling services due to the traumatic stress incurred as a result of the Officers seizure of his vehicle, harassing interrogation, and threats of deadly force on the December 16, 2011.

26.   The 48th and 103rd Precinct's deliberate failure and omission to remove Plaintiff's stolen vehicle report from the NYPD electronic stolen vehicle police records database for a period of time extending over three months prior to December 16,

2011 incident is the direct and proximate cause of Plaintiffs' top and arrest..

27.    Defendants City of New York, Kelly and Bloomberg and Doe policy makers have adopted municipal policies, practices and customs that have caused the violations complained of herein; and in the alternative have actual or constructive notice of a pattern of constitutional violations described herein and have failed to take action, thereby allowing the continuation of such a policy or custom, and causing the harms complained of herein.

28.    The acts and omission of the defendabts constitute deliberate indifference to the constitutional rights of the Plaintiffs.

29.    Defendants have tolerated and failed to discipline and/or train officers regarding unlawful conduct towards Plaintiffs by deliberately failing to maintain, update, secure, electronic records pertaining to stolen vehicles reports and systems, while knowing that Defendants failure to maintain, manage, update, upkeep, secure, and restore electronic records would result in frequent seizure and arrest of innocent persons such as Plaintiffs without probable cause.

30.    Defendants and officers identified pseudonlymously in the 103rd  precinct, the 48th precinct, as well as the arresting offices on the scene on December 16, 2011 caused the violations in whole or in part complained of herein.

31.    Upon information and belief, the failure to keep adequate records of stolen motor vehicles which have been returned to their rightful owners and to disseminate those records have caused foreseeable violation of the constitutional rights of persons similarly situated to Plaintiffs on a number of occasions.

32.    Defendants had a special relationship with Clinton Pittman, Jr. as bailees of his

vehicle, which obligated them to him in a way different from their obligation to the public at large..

## COUNT I

## FALSE ARREST

33.    Plaintiffs repeats and realleges paragraphs 1-32 of this Complaint as if fully set forth.

34.    Defendants individually and/or jointly conducted an arrest of Mr. Pittman without probable cause.  Defendants individually and/or jointly were each instrumental in the initiation and arrest of Plaintiffs by deliberately failing to maintain, update, and secure, electronic records pertaining to stolen vehicles reports and systems, while knowingly that Defendants' failure to maintain, management update, upkeep, secure, and restore electronic records would result in frequent seizure and arrest of innocent persons such as Plaintiffs without probable cause.

35.    Plaintiffs have suffered damage as a proximate result of the false arrest perpetrated upon them by Defendants.  They have suffered severe emotional pain, suffering, anguish, distress, a deprivation of rights, and lost wages.

WHEREFORE, Plaintiffs respectfully request that his Honorable Court grant the following relief:

a.  Compensatory and punitive damages against the defendants for violations of federal rights pursuant to 42 U.S.C. § 1983 in an amount appropriate to the proof adduced at trial;

b.  Compensatory and punitive damages against the defendants under New York

and common law, including against the City of New York under respondeat superior, in an amount appropriate to the proof adduced at trial;

c. An award of plaintiff's reasonable attorneys' fees and costs and expense pursuant to 42 U.S.C. § 1988 and

d. Such other and further relief including all appropriate equitable relief as to the Court may seem just and proper.

_____/s/_____

DATE_Sept. 22, 2014                     Lennox S. Hinds
                                        Stevens, Hinds, & White, PC
                                        Attorneys for Plaintiffs
                                        116 W. 111th Street
                                        New York, NY 10026
                                        212 864 4445

                                        /s/

                                        Aaron David Frishberg, Esq.
                                        of counsel to Stevens, Hinds, & White, PC
                                        116 W. 111th Street
                                        New York, NY 10026
                                        212 740 4544

A trial by jury of all issues triable by jury is hereby requested.

_____
Lennox S. Hinds